## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**CARLOS McQUARLEY,**

      **Plaintiff,**

**vs.**                                                   **Case No. 4:09cv343-RH/WCS**

**J. RICHERMAN PEARSON**
**and J. GLORIA T. BAHAKER,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, submitted a civil rights complaint, doc. 1, on Aug 31, 2009, and a motion to proceed *in forma pauperis*, doc. 2.  Ruling could not be entered on the motion because it was not clear whether Plaintiff truly intended to initiate a civil rights complaint or whether he was seeking habeas relief.  Plaintiff was directed to respond with clarification as to the nature of his claims, doc. 4, and his response, doc. 5, indicates he seeks habeas relief.  Plaintiff states that he wants this Court to help him receive his freedom.  Doc. 5.

Furthermore, the Order pointed out that Plaintiff is incarcerated in Alabama, which was the location of both Defendants.  Because it did not appear that this Court

had jurisdiction over this case, Plaintiff was directed to respond and demonstrate that jurisdiction was appropriate here.  Doc. 4.  Plaintiff's response does not make that demonstration.

Because Plaintiff indicates he is located in Jefferson County, Alabama, which is within the Northern District of Alabama, as are both of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 81(a) is in the United States District Court for the Northern District of Alabama, Birmingham Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Eleventh Circuit has recognized the court's ability to raise the issue of defective venue *sua sponte*, but limited the court's ability to dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")  The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a).  *See* Lipofsky, 861 F.2d at 1259, n. 2.  Thus, it is recommended that the case be transferred rather than dismissed.

Although some courts have required the trial court to give the parties an opportunity to respond to the transfer order prior to implementation of the order, a hearing is not necessarily required on every transfer motion.  *Cf.* Costlow v. Weeks, 790

F.2d 1486, 1488 (9th Cir. 1986) *with* <u>Starnes v. McGuire</u>, 512 F.2d 918, 934 (D.C. Cir. 1974).  This case does not require a hearing.

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States District Court for the Northern District of Alabama, Birmingham Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 21, 2009.


 s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


<u>**NOTICE TO THE PARTIES**</u>
**    A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**